NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

for the Seventh Circuit
Chicago, Illinois  60604

Argued March 29, 2010
Questions Certified October 18, 2010
Decided August 25, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN W. DARRAH, *District Judge*[*]

No. 09-3667

| | |
|---|---|
| TOM GEORGE, CHRIS VITRON, LORI CHAPKO and EDWARD SNEAD, on behalf of themselves and all others similarly situated, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
|                 *Plaintiffs-Appellants,* | |
|     *v.* | No. 08-cv-1684 |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | William T. Lawrence, *Judge*. |
|                 *Defendant-Appellee.* | |

**O R D E R**

This case comes to us on remand from the Indiana Supreme Court.  Plaintiffs brought a proposed nationwide class action against the National Collegiate Athletic Association ("NCAA") and Ticketmaster, alleging that both Defendants operated illegal lotteries to sell and distribute tickets for certain Division I championship tournaments.  The district court dismissed Plaintiffs' Second Amended Complaint

---

[*]Honorable John W. Darrah, United States District Judge for the Northern District of Illinois, sitting by designation.

with prejudice, and Plaintiffs appealed.

This Court originally reversed the judgment of the district court, *see George v. Nat'l Collegiate Athletic Ass'n*, 613 F.3d 658 (7th Cir. July 16, 2010), but later vacated that decision and certified three questions to the Indiana Supreme Court:

1. Do the plaintiffs' allegations about the NCAA's method for allocating scarce tickets to championship tournaments describe a lottery that would be unlawful under Indiana law?

2. If the plaintiffs' allegations describe an unlawful lottery, would the NCAA's method for allocating tickets fall within the Ind. Code § 35-45-5-1(d) exception for "bona fide business transactions that are valid under the law of contracts"?

3. If the plaintiffs' allegations describe an unlawful lottery, do plaintiffs' allegations show that their claims are subject to an *in pari delicto* defense as described in *Lesher v. Baltimore Football Club*, 495 N.E.2d 785, 790 n.1 (Ind. Ct. App. 1986), and *Swain v. Bussell*, 10 Ind. 438, 442 (1858)?

*George v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 1135, 1137-38 (7th Cir. Oct. 18, 2010).

On April 21, 2011, the Indiana Supreme Court responded to our certified questions and held that the NCAA's ticket-distribution process, as alleged by Plaintiffs, was not an illegal lottery under Indiana law and, therefore, declined to reach the remaining questions presented. *See George v. Nat'l Collegiate Athletic Ass'n*, 945 N.E.2d 150 (Ind. Apr. 21, 2011). In light of the Indiana Supreme Court's express determination that the scheme alleged by Plaintiffs does not constitute an illegal lottery under the laws of Indiana, we now **AFFIRM** the judgment of the district court.